

# NUMBER 13-16-00038-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

NELSON PARNELL JR.,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 85th District Court
### of Brazos County, Texas

## ORDER ABATING APPEAL

**Before Justices Garza, Perkes, and Longoria**
**Order Per Curiam**

Appellant's appointed counsel filed an amended brief in this cause on July 7, 2016.

On July 15, 2016, appellant attempted to file a pro se motion regarding supplementation

of the record; however, this Court notified appellant that we would not consider this motion

because appellant is represented by counsel and he is not entitled to hybrid representation.[1]   The State filed its brief in this matter on August 5, 2016.

Currently before the Court is a pro se letter from appellant asserting that he has a right to proceed pro se and he has waived his right to counsel.   The Court, having considered these matters and the appellant's apparent desire to proceed on appeal without the benefit of counsel, is of the opinion that the appeal should be abated in accordance with *Hubbard v. State,* 739 S.W.2d 341 (Tex. Crim. App. 1987).   Accordingly, we ABATE the appeal and REMAND the case to the trial court.

The trial court is ordered to immediately cause notice to be given and conduct a hearing to determine if appellant should proceed pro se, and if not, whether appellant's appointed counsel should remain as appointed counsel in this case or whether appellant is entitled to new appointed counsel.   The trial court is required to make the appellant aware of the dangers and disadvantages of self-representation and to develop evidence regarding whether appellant's apparent decision to relinquish the benefits associated with counsel and to proceed pro se is knowingly and intelligently made.   In making its determination, the trial court should consider the best interests of appellant, the State, and the speedy and efficient administration of justice.   *See, e.g., Crawford v. State*, 136

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals by order of the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through 2015 R.S.) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, per curiam order); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam order).

If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect. If the trial court determines that there is no reason to discharge appellant's current appointed attorney and appoint substitute counsel, the court shall enter an order to that effect. If the trial court determines that new counsel should be appointed, the name, address, telephone number, email address, and state bar number of newly appointed counsel shall be included in the order appointing counsel. The trial court shall make and file appropriate findings of fact and conclusions of law with regard to these matters.

The trial court shall include its order and its findings and conclusions in a supplemental clerk's record, and shall cause the hearing to be transcribed and included in a supplemental reporter's record. These records should be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
27th day of September 2016.

3